UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/22/11
```

MICHAEL WHITE,

                Plaintiff,

-vs-

THE CITY OF NEW YORK, DORA SCHRIRO, Commissioner, New York City Department of Correction, CORRECTIONS OFFICER JONES, and CORRECTIONS OFFICER WADE,

                Defendants.

10 Civ. 8689 (RJH)

**MEMORANDUM OPINION AND ORDER**

Richard J. Holwell, District Judge:

*Pro Se* plaintiff Michael White brings this action alleging violation of the Civil Rights Act, 42 U.S.C. § 1983 ("§ 1983") and seeking damages for the injuries plaintiff allegedly sustained from an auto accident while riding as a passenger in a New York City Department of Correction bus. Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is unopposed. For the reasons set forth below, defendants' motion is GRANTED in its entirety and plaintiff's claim is dismissed with prejudice for failure to state a federal claim.

## BACKGROUND

Plaintiff is a prisoner in the custody of the New York City Department of Correction ("DOC") and alleges that on October 22, 2010, he was injured in a bus accident while riding in a DOC bus. Plaintiff states that he was asleep and handcuffed to another passenger when the bus crashed into the cement partition of the sally port while exiting the Otis Bantum Correctional

Center. Plaintiff alleges that Officer Jones, the bus driver, "did not pay attention to her surroundings due to her talking with Officer Wade about leaving an inmate behind and not being able to get to Court on time etc.". As a result of the accident, plaintiff claims to have sustained neck and lower back injuries that have caused him to lose sleep and have difficult times with turning his neck. (Compl. 3.) Plaintiff brings this action against the City of New York, the New York City DOC, Officer Jones, and Officer Wade and seeks monetary compensation for duress, mental anguish, and physical injury as well as continued physical therapy for his injuries.

## DISCUSSION

Plaintiff's allegations, even if taken as true, give rise to at most a claim of negligent driving by government employees, which falls under the purview of state tort law and not under the Constitution or any federal statute. *Carrasquillo v. The City of New York*, 324 F.Supp.2d 428, 436 (S.D.N.Y. 2004). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). "Our Constitution deals with the large concerns of the governors and the governed, but it does not purport to supplant traditional tort law in laying down rules of conduct to regulate liability for injuries that attend living together in society." *Daniels v. Williams*, 474 U.S. 327, 332 (1986). In other words, the Constitution is meant to protect citizens from the government's abuse of power, whereas a negligence claim arising from one individual's careless conduct toward another is purely a matter of state tort law. A mere lack of due care by state officials, even if causing injury, is not an actionable deprivation of life, liberty, or property under the Fourteenth Amendment's Due Process Clause. *Id.* at 330-31.

"Finally, although generally a district court should not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 Fed.Appx. 603, 604 (2d Cir. 2010) (citation omitted). The complaint in this case, even read liberally, does not suggest that plaintiff has a federal claim that should be given the opportunity to amend because it was pled inadequately or inartfully, so amendment would likely be futile in the absence of any viable federal claims. *See id..* Therefore, the Court dismisses plaintiff's complaint without granting him a leave to amend. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (a court's denial of plaintiff's opportunity to amend is not an abuse of discretion where amendment would be futile).

## CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss [13] is GRANTED in its entirety, and plaintiff's claim is dismissed with prejudice.

SO ORDERED.

Dated: New York, New York
       November 21, 2011

Richard J. Holwell
United States District Judge

3